

**Pepper Hamilton LLP**
Attorneys at Law

# MEMO ENDORSED

Suite 2320
420 Lexington Avenue
New York, NY 10170-2399
212.808.2700
Fax 212.286.9806

Kenneth J. King
direct dial: 212.808.2703
kingk@pepperlaw.com

*Pl. to Respond with 2-3 pp letter (double spaced) by 7/2/07*

June 26, 2007

**BY HAND**

The Honorable Richard M. Berman
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 650
New York, NY 10007

SO ORDERED:
Date: 6/26/07
Richard M. Berman, U.S.D.J.

Re: **DH Capital LLC v. Xanadoo, LLC,**
     **07-5579**

Dear Judge Berman:

Pursuant to your individual practices, defendant Xanadoo, LLC ("Xanadoo"), seeks to schedule a pre-motion conference to discuss its anticipated Motion to Dismiss, Transfer, or Stay Plaintiff DH Capital LLC's Second Filed Action.

On June 5, 2007, Xanadoo filed a complaint in the United States District Court for the Eastern District of Pennsylvania seeking a declaratory judgment to determine its rights with respect to a contract between Xanadoo and DH Capital LLC ("DH Capital") (*Xanadoo, LLC v. DH Capital LLC*, No. 07-2277). On June 11, 2007, counsel for Xanadoo called counsel for DH Capital to see if DH Capital would accept service of the complaint. In apparent response to this request, DH Capital filed the above referenced action that same day, claiming a breach of

**Pepper Hamilton LLP**
Attorneys at Law

The Honorable Richard M. Berman
Page 2
June 26, 2007

contract based on the same set of facts at issue in Xanadoo's complaint. The next day, DH Capital accepted service of the complaint filed by Xanadoo.

The dispute here arises out of a contract between Xanadoo and DH Capital that was negotiated and executed in Pennsylvania (the "Engagement Agreement"). The parties had been in discussions regarding whether DH Capital is owed a fee pursuant to the Engagement Agreement, which provides that DH Capital would be paid a fee only if Xanadoo entered into a financing transaction within a defined exclusivity period. This did not happen. Instead, Xanadoo negotiated and obtained financing <u>after</u> the exclusivity period expired. Pursuant to the express terms of the Engagement Agreement, DH Capital is not entitled to a fee in these circumstances. Nevertheless, despite Xanadoo's explanation of these facts in a series of letters, DH Capital demanded a fee. Xanadoo filed a declaratory judgment action in the Eastern District of Pennsylvania because it closed the financing and needed to resolve this dispute and resolve promptly whether a fee was due DH Capital.

Because it was filed <u>after</u> the Eastern District case, the action pending in this Court violates the first filed action doctrine and dismissal or stay of this action is appropriate. *See First City Nat. Bank and Trust Co. v. Simmons*, 878 F.2d 76 (2d Cir. 1989) (dismissal of second filed suit is appropriate); *see also Schnable v. Ramsey*, 322 F. Supp. 2d 505 (S.D.N.Y.

**Pepper Hamilton LLP**
Attorneys at Law

The Honorable Richard M. Berman
Page 3
June 26, 2007

2004) (applying first filed doctrine to declaratory judgment action). Xanadoo's anticipated motion would seek such relief.[1]

For these reasons, Xanadoo seeks a pre-motion conference regarding its anticipated Motion to Dismiss, Transfer, or Stay Plaintiff DH Capital LLC's Second Filed Action. I have sent this letter by facsimile to counsel for plaintiff.

Respectfully submitted,

Kenneth J. King

Copy (by facsimile) to:
Lance J. Gotko, Esq.
*Counsel of record for
plaintiff DH Capital, LLC*

---

[1] DH Capital has filed a similar motion in the Eastern District of Pennsylvania case.