# FRIEDMAN KAPLAN SEILER & ADELMAN LLP

BRUCE S. KAPLAN
EDWARD A. FRIEDMAN
GARY D. FRIEDMAN
BARRY A. ADELMAN
ERIC SEILER
ROBERT J. KAPLAN
ANDREW W. GOLDWATER
ROBERT J. LACK
GREGG S. LERNER
HAL NEIER
PHILIPPE ADLER
MATTHEW S. HAIKEN
PAUL J. FISHMAN
RICHARD M. HOFFMAN
SCOTT M. BERMAN
LANCE J. GOTKO
KATHERINE L. PRINGLE
MERYL S. ROSENBLATT
DANIEL B. RAPPORT
DAVID I. TANENBAUM
HALLIE B. LEVIN
ANNE E. BEAUMONT
MARY E. MULLIGAN
EMILY A. STUBBS

1633 BROADWAY

NEW YORK, NY 10019-6708

~~PHONE (212) 833-1100~~

~~FACSIMILE (212) 833-1250~~

WWW.FKLAW.COM

WRITER'S DIRECT DIAL
(212) 833-1115

WRITER'S DIRECT FAX
(212) 373-7915

E-MAIL

NORMAN ALPERT
MARC N. EPSTEIN
STUART R. GOLDFARB
SNEHA DEVADASON
ANDREW A. QUARTNER
CRAIG J. CODLIN
    COUNSEL

KENT K. ANKER
AMY C. BROWN
MALA AHUJA HARKER
HEATHER WINDT
LISA S. GETSON
GAURAV I. SHAH
ASAF REINDEL
JOHN N. ORSINI
JEFFREY R. WANG
LAURENCE D. BORTEN
VANESSA RICHARDS
CHAD B. PIMENTEL
MYRIAM GAUTHIER
LEE D. VARTAN
JOSHUA D. JACOBSON
CHAD M. LEICHT
JONATHAN GOTTFRIED
BARBARA J. GRAVES
MICHAEL A. GORDON
SCOTT J. BOWMAN*
DANYA SHOCAIR REDA
DANIEL R. GREENBERG
DAVID N. SLARSKEY
KEVIN S. HAEBERLE

*ADMITTED IN NJ AND MA ONLY

**MEMO ENDORSED**

*We can discuss on 7/26/07 @ 9:15 A.M.*

July 2, 2007

**SO ORDERED:**

*Richard M. Berman*

7/3/07     Richard M. Berman, U.S.D.J.

BY HAND

The Honorable Richard M. Berman
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 650
New York, NY 10007

Re:  DH Capital LLC v. Xanadoo, LLC, Case No. 07-5579

Dear Judge Berman:

Pursuant to your order, we write on behalf of our client, DH Capital LLC

("DH") in response to the June 26, 2007 letter of Xanadoo, LLC ("Xanadoo") in the

above-entitled matter.  It is DH's position that any potential motion by Xanadoo in the

instant action should be stayed until after the resolution of DH's motion to dismiss or

transfer venue to the Southern District of New York, which is currently pending in the

Eastern District of Pennsylvania.



RECEIVED
JUL 2 2007
479836.1
CHAMBERS OF
RICHARD M BERMAN
USDJ

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: July 3, 2007

FRIEDMAN KAPLAN SEILER & ADELMAN LLP

The Honorable Richard M. Berman        - 2 -                          July 2, 2007

        The instant action is one for breach of contract, necessitated by the failure of defendant to compensate plaintiff, an investment banking firm, as required by the terms of a contract governed by New York law (the "Engagement Agreement"). The Engagement Agreement provided that if Xanadoo entered into a transaction during the exclusivity period set forth in the agreement, DH would be entitled to a fee. Although Xanadoo recently completed a $30 million financing transaction, it wrongly has refused to compensate plaintiff pursuant to the terms of the agreement.

        In the wake of this wrongful refusal to pay, DH informed Xanadoo that DH was about to sue it for breach of contract. Xanadoo responded by racing to the Eastern District of Pennsylvania courthouse and filing an action for declaratory judgment (the "Declaratory Judgment Action") before DH's coercive complaint could be filed with this Court. Indeed, Xanadoo's complaint in the Declaratory Judgment Action *admits* it was filed in response to a June 1, 2007 email from DH's president to the CEO of Xanadoo that said, "See you in court."

        Under these circumstances, where the Declaratory Judgment Action was filed preemptively in anticipation of the subsequently filed coercive suit for damages, the so-called "first filed" rule gives way and the coercive suit is given precedence. *See Reliance Ins. Co. v. Bend'n Stretch, Inc.*, 935 F. Supp. 476, 477 (S.D.N.Y. 1996) ("If a court finds that a declaratory judgment action was brought in anticipation of the coercive suit for the purpose of gaining 'home field advantage,' the coercive suit is given precedence.")

479836.1

FRIEDMAN KAPLAN SEILER & ADELMAN LLP

The Honorable Richard M. Berman        - 3 -                        July 2, 2007

         Furthermore, this Court is the proper venue in which to resolve the parties'
dispute. The Engagement Agreement that DH alleges was breached by Xanadoo is
governed by New York law. The sole non-party witness with testimony and
documentary evidence relevant to this dispute – i.e., the third party with whom DH
negotiated the "financing transaction" under the Engagement Agreement– is located in
the Southern District of New York. The harm that has ensued from Xanadoo's wrongful
refusal to pay the fee required by the Engagement Agreement has been borne by DH, a
New York-based entity. And much of the potentially relevant evidence—for example,
the documentation of DH's efforts on Xanadoo's behalf under the Engagement
Agreement—is largely located in New York.

         For these reasons, on June 22, 2007, DH made a motion to dismiss the
Declaratory Judgment Action, or, failing that, to transfer the Declaratory Judgment
Action to this Court. That motion is currently pending. It would be a waste of judicial
resources to permit Xanadoo to bring a motion to dismiss or transfer the instant action
until DH's motion in the Declaratory Judgment Action is resolved.

         Respectfully submitted,

         Lance Gotko / CBP

         Lance J. Gotko

cc:   Kenneth J. King, Esq. (by facsimile)
     *Attorney for defendant Xanadoo, LLC*