**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| DH CAPITAL, LLC | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 07 Civ. 5579 (RMB) |
| | : | |
| XANADOO, LLC | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ANSWER OF XANADOO, LLC TO THE FIRST AMENDED COMPLAINT

Defendant Xanadoo, LLC ("Xanadoo"), by and through its undersigned attorneys, hereby answers Plaintiff's First Amended Complaint. All averments of the Amended Complaint not specifically admitted below are hereby denied. In response to the averments contained in the individually-numbered paragraphs of the Amended Complaint, Xanadoo further states as follows:

### NATURE OF THE ACTION

1. Admitted in part, denied in part. Xanadoo admits only that Plaintiff DH Capital, LLC ("DH Capital" or "Plaintiff") purports to bring an action for breach of contract. The remaining averments are denied.

### JURISDICTION AND VENUE

2. Denied. The averments in paragraph 2 constitute conclusions of law to which no response is required, and accordingly, they are denied.

3. Denied. The averments in paragraph 3 constitute conclusions of law to which no response is required, and accordingly, they are denied.

## THE PARTIES

4. Admitted upon information and belief.

5. Admitted in part, denied in part. It is admitted only that Xanadoo is a limited liability company organized and existing pursuant to the laws of the State of Delaware, with its principal place of business at 225 City Line Avenue, Suite 200, Bala Cynwyd, Pennsylvania, 19004, and that Xanadoo provides wireless internet access and broadband communications to residential and business subscribers. The remaining averments in paragraph 5 constitute conclusions of law to which no response is required, and accordingly, they are denied.

## FIRST CAUSE OF ACTION
## (BREACH OF CONTRACT)

**DH and Xanadoo's Agreement**

6. Admitted in part, denied in part. Xanadoo admits that it entered into an Agreement with DH Capital on or about June 26, 2006. Xanadoo denies that Plaintiff's characterization of the Agreement fully and accurately sets forth the terms thereof. The Agreement is a writing that speaks for itself, and any characterization thereof is denied.

7. Denied. The Agreement is a writing that speaks for itself, and any characterization thereof is denied.

8. Denied. The Agreement is a writing that speaks for itself, and any characterization thereof is denied.

9. Denied. The Agreement is a writing that speaks for itself, and any characterization thereof is denied.

10. Denied. The Agreement is a writing that speaks for itself, and any characterization thereof is denied.

**DH's Negotiations with Post Advisory Group**

      11.    Admitted in part, denied in part. Xanadoo admits that Post Advisory Group, LLC ("Post") is or is an affiliate of one of the Company Identified Investor Parties. Xanadoo denies that DH Capital entered into negotiations with Post. Xanadoo is without sufficient information to admit or deny the remaining averments in paragraph 11, which are therefore denied. To the extent the averments in paragraph 11 constitute conclusions of law, no response is required and, accordingly, they are denied.

      12.    Denied.

      13.    Denied.

      14.    Denied as written. DH Capital is not entitled to any compensation. Accordingly, Xanadoo has not paid DH Capital any compensation.

      15.    Denied. Xanadoo specifically denies that it breached the Agreement. Xanadoo denies the remaining averments contained in paragraph 15.

      16.    Denied.

      17.    Denied. Xanadoo specifically denies that it breached the Agreement. Xanadoo further specifically denies that DH Capital has suffered any damages. Xanadoo denies the remaining averments contained in paragraph 17.

**SECOND CAUSE OF ACTION**
**(RECOVERY OF ATTORNEY'S FEES AND EXPENSES)**

      18.    Xanadoo repeats and reaffirms every response set forth in paragraphs 1-17, as if fully set forth herein.

      19.    Denied. The averments in paragraph 19 constitute conclusions of law to which no response is required and, accordingly, they are denied. By way of further response, the agreement is a writing that speaks for itself, and any characterization thereof is denied.

20. Denied. The averments in paragraph 20 constitute conclusions of law to which no response is required and, accordingly, they are denied. By way of further response, the agreement is a writing that speaks for itself, and any characterization thereof is denied.

21. Denied. The averments in paragraph 21 constitute conclusions of law to which no response is required and, accordingly, they are denied. By way of further response, the agreement is a writing that speaks for itself, and any characterization thereof is denied.

### THIRD CAUSE OF ACTION
### (BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING)

22. Xanadoo repeats and reaffirms every response set forth in paragraphs 1-21, as if fully set forth herein.

23. Denied. The averments in paragraph 23 constitute conclusions of law to which no response is required and, accordingly, they are denied. By way of further response, the agreement is a writing that speaks for itself, and any characterization thereof is denied.

24. Denied.

25. Denied. Xanadoo specifically denies that it breached any covenant. Xanadoo further specifically denies that DH Capital has suffered any damages. Xanadoo denies the remaining averments contained in paragraph 25.

WHEREFORE, Xanadoo demands judgment in its favor and against Plaintiff, together with such further relief as this Court may deem appropriate.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's claims are barred, in whole or in part, for failure to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's claims are barred, in whole or in part, under the terms of the Agreement.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to allege and has not suffered any cognizable injury.

### SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff's claims are barred, in whole or in part, because Plaintiff's damages, if any, were caused by the actions of Plaintiff or a third party.

## SEVENTH AFFIRMATIVE DEFENSE

7. Xanadoo hereby reserves the right to rely on any other defenses which may appear or may become available during discovery of this matter or otherwise. Xanadoo hereby reserves the right to amend this Answer to assert any such defenses.

|  |  |
|---|---|
| Dated: August 10, 2007 | s/ Kenneth J. King<br>Kenneth J. King (KK 3567)<br>Pepper Hamilton LLP<br>Suite 2320<br>420 Lexington Avenue<br>New York, NY 10170<br>(212) 808-2700<br><br>*Attorney for Defendant* |

**CERTIFICATE OF SERVICE**

       I, Kenneth J. King, certify that on this 10th day of August, 2007, I caused a true and correct copy of the foregoing Answer to First Amended Complaint to be served by ECF and First Class Mail upon the following:

>Lance J. Gotko, Esquire
>FRIEDMAN KAPLAN
>SEILER & ADELMAN LLP
>1633 Broadway
>New York, NY 10019-6708

                                                       s/ Kenneth J. King

Dated: August 10, 2007