# FRIEDMAN KAPLAN SEILER & ADELMAN LLP

BRUCE S. KAPLAN
EDWARD A. FRIEDMAN
GARY D. FRIEDMAN
BARRY A. ADELMAN
ERIC SEILER
ROBERT D. KAPLAN
ANDREW W. GOLDWATER
ROBERT J. LACK
GREGG S. LERNER
PAUL J. FISHMAN
WILLIAM P. WEINTRAUB
RICHARD M. HOFFMAN
SCOTT M. BERMAN
HAL NEIER
PHILIPPE ADLER
LANCE J. GOTKO
KATHERINE L. PRINGLE
MERYL S. ROSENBLATT
DANIEL B. RAPPORT
DAVID I. TANENBAUM
HALLIE B. LEVIN
ANNE E. BEAUMONT
MARY E. MULLIGAN
ANDREW W. SCHILLING
EMILY A. STUBBS
KENT K. ANKER
AMY C. BROWN
MALA AHUJA HARKER

1633 BROADWAY
NEW YORK, NY 10019-6708
TELEPHONE (212) 833-1100
FACSIMILE (212) 833-1250
WWW.FKLAW.COM

NORMAN ALPERT
MARC N. EPSTEIN
ANDREW A. QUARTNER
COUNSEL

HEATHER WINDT
LISA S. GETSON
GAURAV I. SHAH
ASAF REINDEL
JOHN N. ORSINI
JEFFREY K. WANG
VANESSA RICHARDS
CHAD B. PIMENTEL
MYRIAM FORD
JOSHUA D. JACOBSON
CHAD M. LEICHT
JENNIFER H. CHIN
JASON C. RUBINSTEIN
JONATHAN GOTTFRIED
BARBARA GRAVES-POLLER
MICHAEL A. GORDON
DANYA SHOCAIR REDA
ROBERT S. LANDY
RICKIE M. SONPAL
DANIEL R. GREENBERG
DAVID N. SLARSKEY
KEVIN S. HAEBERLE

**MEMO ENDORSED**

[Stamp: USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: ___ DATE FILED: 1/31/08]

January 30, 2008

**BY FAX (212-805-6734)**

The Honorable Frank Maas
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 740
New York, NY 10007

Re: **DH Capital LLC v. Xanadoo LLC, Case No. 07-5579 (RMB) (FM)**

Dear Judge Maas:

[Handwritten endorsement: The Court will hold a telephone conference on 2/13/08 at 10am regarding this issue. In the interim, Mr. Gotko is directed to send me a copy of the "Privileged Communications." Mr. Gotko further is directed to initiate the conference call. /s/ FMaas, USMJ, 1/31/08]

We represent plaintiff DH Capital LLC ("DH"), a boutique investment bank that assists clients to obtain financing from outside investors. This action arises from the refusal of defendant Xanadoo LLC ("Xanadoo") to pay DH a fee to which it is entitled pursuant to the parties' agreement (the "Engagement Agreement"). Pursuant to Local Civil Rule 37.2, we write to request a pre-motion conference regarding a motion that DH plans to make for a protective order pursuant to Fed. R. Civ. P. 26(c).

The parties have produced documents pursuant to an agreement that the non-producing party would return or destroy any privileged documents that were inadvertently produced. Pursuant to that agreement, at Xanadoo's request DH has

569218.1

FROM FRIEDMAN KAPLAN SEILER & ADELMAN LLP          (WED) 1.30'08 16:09/ST. 16:09/NO. 4862232125 P 3

FRIEDMAN KAPLAN SEILER & ADELMAN LLP

promptly returned/destroyed some 80 pages of documents produced by Xanadoo that were claimed to be privileged. DH has requested the return of a single, inadvertently produced, email chain, consisting of internal communications at DH prepared in anticipation of litigation (the "Privileged Communications"). Xanadoo has refused our request.

The background and content of the Privileged Communications clearly reveal that they were created in anticipation of litigation. After having negotiated with a third party ("Post") on Xanadoo's behalf to provide Xanadoo financing for its business plan, DH was startled to learn from Post that it separately was engaged in negotiations with Xanadoo concerning financing for the same purpose. The Engagement Agreement required Xanadoo to inform DH if it engaged in direct negotiations with Post. Thereafter, DH contacted Xanadoo and requested details of the deal it was discussing with Post but, again contrary to the Engagement Agreement, Xanadoo failed to provide the requested information. These events prompted Peter Hopper (a partner at DH) to ask Mark Pagon (Xanadoo's CEO) point blank if Xanadoo intended to pay DH a fee for the deal with Post. Pagon's failure to provide a real answer to this question ratcheted things up even more, causing Hopper to write Pagon as follows:

> As I am sure you are aware I registered, very strongly, to Howard [Xanadoo's CFO] last week my concern over your comments on our conference call that seemed to imply that your discussions with Post concerning a financing were not covered by our fee agreement. I will add that the response I received from Howard did little to ease my concerns that we might be *headed for a significant disagreement on this point*. . . . I . . . need you to clarify this issue for me at this time. While we certainly do not seek *a fight* over this, same as you, I have a business to run. [Emphasis added.]

Pagon elliptically replied: "Frankly, I have not focused on that issue, but expect that our engagement letter will provide clear guidance." The Privileged Communications

FRIEDMAN KAPLAN SEILER & ADELMAN LLP

occurred immediately thereafter, and reflect DH's consideration of strategy, including whether to get outside counsel involved at that point; they also contain an initial assessment by one of DH's partners of his views on the strengths and weaknesses of DH's claim under one provision of the Engagement Agreement.

The Privileged Communications are subject to protection under Rule 26(b)(3) because they were prepared by DH in anticipation of litigation with Xanadoo.[1] Xanadoo has not asserted – and cannot show – that it has a "substantial need" for the Privileged Communications. Indeed, the DH partner's analysis relates to a provision of the Engagement Agreement (the "Tail Provision") that is not at issue in the instant litigation; rather, DH has asserted its entitlement to a fee pursuant to an entirely different provision (the "Exclusivity Provision"). And during the depositions of the Xanadoo witnesses (which were just concluded on Friday), the witnesses were questioned at length about whether DH is asserting a claim under the Tail Period (the answer uniformly was no) and why DH claims it is entitled to a fee under the Exclusivity Provision (to which all of the witnesses gave detailed answers). There can be no "need" or "hardship" (or even relevance) concerning a provision that is not at issue in this action.

Counsel for DH has engaged in good faith discussions with counsel for Xanadoo about this issue to no avail.

Respectfully submitted,

Lance J. Gotko

---

[1] See Fed. R. Civ. P. 26(b)(3) (discovery of "documents and tangible things . . . prepared in anticipation of litigation" by a party are not discoverable unless the opposing party can show "substantial need" of the material, and that it is "unable without undue hardship" to obtain equivalent material in another way).

569218.1                                3

FROM FRIEDMAN KAPLAN SEILER & ADELMAN LLP       (WED) 1.30'08 16:10/ST. 16:09/NO. 4862232125 P 5

FRIEDMAN KAPLAN SEILER & ADELMAN LLP

cc:  Christopher Huber, Esq. (by email)
     Sara B. Richman, Esq. (by email)

*Attorneys for defendant Xanadoo LLC*

569218.1

4